IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GEORGE WASHINGTON PARKER, JR., :
:
    Plaintiff :
:
VS. :
:
Honorable LAMAR W. SIZEMORE, JR., : NO. 5:06-cv-74(CAR)
Judge, Bibb Co. Superior Court, :
:
    Defendant : **O R D E R**

    Petitioner **GEORGE WASHINGTON PARKER, JR.**, has tendered a *pro se* petition entitled "Petition for a Writ of Mandamus or, in the Alternative, a Writ of Prohibition." Petitioner also seeks leave to proceed *in forma pauperis*. As it appears petitioner is unable to pay the cost of commencing this action, petitioner's application to proceed *IFP* is hereby **GRANTED**.

*I. STANDARD OF REVIEW*

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

## II. DISCUSSION

Petitioner asks this Court to order Bibb County Superior Court Judge Lamar W. Sizemore, Jr., to schedule a hearing date for petitioner's habeas petition and to either grant or deny petitioner's claim for relief. Federal district courts are granted jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court, however, has no power to issue a writ of mandamus to direct state judicial officials in the performance of their duties and functions. ***See Moye v. Clerk, DeKalb County Superior Court***, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Consequently, this Court possesses no jurisdiction to order Superior Court Judge Sizemore to act on petitioner's behalf.

This Court likewise lacks authority to issue a writ of prohibition. A writ of prohibition only should issue if the petitioner shows "exceptional circumstances amounting to a judicial 'usurpation of power,'" and the right to relief is "clear and undisputable." **In re Wainwright**, 678 F.2d 951, 953 (11th Cir.1982). Petitioner has made no such showing here.

In light of the foregoing, it is hereby **ORDERED** that the instant petition for a writ of

mandamus or, alternatively, for a writ of prohibition, be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

    **SO ORDERED**, this 15th day of March, 2006.

                      S/ C. Ashley Royal
                      C. ASHLEY ROYAL
                      UNITED STATES DISTRICT JUDGE

cr